IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| JOSH GUYER, ) | |
| ) | |
|    Debtor. ) | Bankruptcy No. 09-00336 |
| ------------------------------------------------- | |
| CENTRAL STATE BANK, ) | |
| ) | Adversary No. 09-09057 |
|    Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| JOSH GUYER, ) | |
| ) | |
|    Defendant. ) | |

**ORDER RE: COMPLAINT**

This matter was submitted to the Court without trial. The parties filed a Stipulation of Facts (Doc. 14) on April 26, 2010. The time for filing briefs has now passed and this matter is ready for resolution. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

**STATEMENT OF THE CASE**

Plaintiff Central State Bank received a default judgment against Debtor Josh Guyer in Iowa District Court on November 4, 2008. The judgment granted the Bank's Petition for damages for breach of contract and for fraud based on Debtor's failure to file an appearance or answer in the action. A Return of Service in that action shows that Debtor was personally served a copy of the Original Notice and Petition at his home address on October 2, 2008 by the Clayton County Sheriff. Debtor denies that he was served as set out in the Return of Service. Copies of the Petition, Return of Service and Default Judgment are attached to the parties' Stipulation of Facts.

The Bank asserts, as its sole issue, that the Iowa District Court default judgment establishes that its debt is excepted from discharge for fraud under § 523(a)(2)(A). It argues the underlying issue of fraud has already been conclusively determined by the

default judgment. The Bank asserts the elements of collateral estoppels and res judicata have been met.

Debtor argues that this Court is not bound by the default judgment because of the absence of any record being made or evidence received by the Iowa District Court regarding the elements of dischargeability under § 523(a)(2)(A). In addition, he asserts the elements of fraud under Iowa law are not the same as the standard required under § 523(a)(2)(A). Debtor states the Bank cannot meet its burden under that section with a state court default judgment that fails to examine the facts.

## CONCLUSIONS OF LAW

"[T]he preclusive effect of a state court judgment in a subsequent federal case is determined by reference to state law." In re Binns, 328 B.R. 126, 129 (B.A.P. 8th Cir. 2005) (declining to give collateral estoppel effect to default judgments under Illinois law). Under Iowa law, a four-part test determines whether the doctrine of issue preclusion, also known as collateral estoppel, applies to prevent relitigation. Winnebago Industries, Inc. v. Haverly, 727 N.W.2d 567, 572 (Iowa 2006). The four elements are:

> (1) the issue determined in the prior action is identical to the present issue; (2) the issue was raised and litigated in the prior action; (3) the issue was material and relevant to the disposition in the prior action; and (4) the determination made of the issue in the prior action was necessary and essential to that resulting judgment.

Id. In Winnebago Industries, the Iowa Supreme Court adopted the Restatement (Second) of Judgments §27, which states in Comment e: "In the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated." Id. (holding an admission of liability in a prior proceeding did not constitute actual litigation for the purpose of applying issue preclusion).

"Iowa law is clear that issue preclusion requires that the issue was 'actually litigated' in the prior proceeding." Id. In Hoth v. Iowa Mutual Ins. Co., 577 N.W.2d 390, 392 (Iowa 1998), the court held that the "actually litigated" requirement was absent where the plaintiff held a judgment by confession. In Ideal Mutual Ins. Co. v. Winker, 319 N.W.2d 289, 296 (Iowa 1982), the court gave preclusive effect to a guilty plea in a criminal case, distinguishing it from the effect of an "entry of a default judgment when no exploration of the issues has occurred." In Lynch v. Lynch, 94

N.W.2d 105, 108 (Iowa 1959), the court stated that issue preclusion is usually not available in default cases. "[I]t must appear that the particular matter was considered and passed on in the former suit, or the adjudication will not operate as a bar to subsequent action." Id.

Applying Iowa law, this Court has held that a summary judgment that was not qualitatively different from a default judgment did not preclude the Court from determining dischargeability. In re Ziadeh, 276 B.R. 614, 620 (Bankr. N.D. Iowa 2002). In contrast, a default judgment entered as a discovery sanction had preclusive effect based, in part, on the state court's independent findings in In re Hodges, 271 B.R. 347, 353-54 (Bankr. N.D. Iowa 2000). See also In re Dunbar, 2007 WL 1087451, at *4 (Bankr. N.D. Iowa Apr. 5, 2007) (criminal judgment against debtor for battery precludes Court from revisiting factual question of whether Debtor acted willfully and maliciously under §523(a)(6)).

## ANALYSIS

Based on the foregoing, the Court concludes that the default judgment entered against Debtor in Iowa District Court does not have preclusive effect in this adversary proceeding to determine dischargeability of debt under §523(a)(2)(A). The default judgment does not contain any factual findings or discussion indicating the state court actually considered and passed on the allegations of fraud. It merely grants the Bank judgment "for breach of contract and for fraud." The result is that there has been no exploration of the issues and the allegations of fraud have not been actually litigated.

**WHEREFORE**, Plaintiff's Complaint is DENIED.

**FURTHER**, the Iowa District Court default judgment against Debtor Josh Guyer does not establish the debt is excepted from discharge for fraud under §523(a)(2)(A).

Dated and Entered:

May 25, 2010.

*[signature: Paul J. Kilburg]*

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE

3